UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 25-02252-MWF (JPRx) | Date:  July 1, 2025 |
| Title: | Mario Mendoza v. LDVC Inc, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:         Court Reporter:
Rita Sanchez          Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendants:
None Present                            None Present

**Proceedings (In Chambers):** ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [23]

Before the Court is a Motion for Default Judgment (the "Motion") filed by Plaintiff Mario Mendoza against Defendants LDVC Inc ("LDVC") and Valerie L. Alatorre, filed on June 4, 2025.  (Docket No. 22).  No opposition or reply was filed.

The Motion was noticed to be heard on **July 7, 2025**.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED** *without prejudice*.  The Court does not have jurisdiction over Alatorre because she was not properly served, and Plaintiff has provided no mechanism for the Court to determine the cost of compliance with the proposed injunction.  As a result, the Court cannot determine whether removal of the barrier is readily achievable.

## I.  BACKGROUND

### A.  Factual Allegations

Plaintiff initiated this action on March 13, 2025.  (*See generally* Complaint (Docket No. 1)).  The Complaint contains the following allegations, which are accepted as true for purposes of the Motion.  *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-02252-MWF (JPRx) | **Date:** July 1, 2025 |
| **Title:** Mario Mendoza v. LDVC Inc, et al. | |

*v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (internal quotation marks and citations omitted)).

Plaintiff is an individual with a physical disability. (Complaint ¶ 1). He suffers from cerebral palsy and always uses a wheelchair to travel in public. (*Id.*). The Complaint alleges that "Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for a candy store ('Business') located at or about 9606 Valley Blvd., Rosemead, California." (*Id.* ¶ 2).

In or about December 2024, Plaintiff visited and attempted to enter the Business but was unable to enter because it had no accessible parking space. (*Id.* ¶¶ 10–13). The parking lot did not have the required accessibility signage and had no van accessible parking space or access aisle for wheelchair drop-off. (*Id.* ¶ 13). Plaintiff alleges that a site inspection revealed additional barriers to entry, but the Court notes that there is no specificity as to this allegation and that the allegation appears in many, if not all, of the motions for default judgment filed by Plaintiff's counsel's firm. (*Id.* ¶ 15). Plaintiff alleges that Defendants have the financial capacity to remove the barrier "without much difficulty or expenses" but have failed to do so or to otherwise conform to accessibility regulations. (*Id.* ¶ 17). Plaintiff further alleges that he would like to return to the Business but does not because of its inaccessibility. (*Id.* ¶ 14).

Based on the foregoing, the Complaint alleges the following five claims for relief (1) Violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) Violation of the Unruh Civil Rights Act; (3) Violation of the California Disabled Persons Act; (4) Violation of California Health and Safety Code Section 19955, *et seq.*; and (5) Negligence. (*Id.* ¶¶ 18–49). The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims in its Order dated April 3, 2025, leaving only Plaintiff's ADA claim. (Docket No. 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-02252-MWF (JPRx) | Date:  July 1, 2025 |
| Title:    Mario Mendoza v. LDVC Inc, et al. | |

### B. Procedural History

On April 3, 2025, Plaintiff putatively served Defendants with copies of the Summons and the Complaint by personal service. (Docket Nos. 14, 15). Defendants, however, failed to appear or otherwise respond to the Complaint. (*See, e.g.*, Motion at 5); (*see generally* Docket). Plaintiff therefore filed a request for the Clerk to enter default against Defendants, and default was entered on April 24, 2025, and May 1, 2025, for LDVC and Alatorre, respectively. (Docket Nos. 16, 17, 18, 19).

On May 6, 2025, the Court issued an Order to Show Cause ("OSC") and instructed Plaintiff to file a motion for default judgment by June 9, 2025. (Docket No. 20). Pursuant to the OSC, Plaintiff filed the Motion on June 4, 2025. (Docket No. 22).

## II. DISCUSSION

Rule 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). The decision of whether to enter default judgment is within the sole discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one"). To determine whether a default judgment is appropriate, the Court must assess whether Plaintiff has met the jurisdictional, procedural, and substantive requirements.

### A. Jurisdiction

Before entering default judgment, the Court has an "affirmative duty" to evaluate the basis for jurisdiction over the defendant, as "[a] judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Federal courts do not have personal jurisdiction over a defendant unless he has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Under Rule 4, service on a corporation may be made by following relevant state law for the state in which the court hearing the action is located or by delivering a copy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 25-02252-MWF (JPRx) | **Date:** July 1, 2025 |
| **Title:** | Mario Mendoza v. LDVC Inc, et al. | |

of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1). Under Rule 4, service on an individual within a judicial district of the United States may be made by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Here, the Court concludes that Plaintiff properly served LDVC but not Alatorre.

As to LDVC, service was proper because Plaintiff's registered process server appears to have personally delivered the Summons and Complaint to David D. Lee, an agent authorized to receive service of process on behalf of LDVC. (*See* Cal. Sec'y of State, Cal. Bus. Search (2025), https://bizfileonline.sos.ca.gov/search/business) (last visited July 1, 2025); (*see also* Docket No. 14).

As to Alatorre, however, the process server appears to have completed substituted service by leaving a copy of the Summons and Complaint with Lee at Alatorre's usual place of business and by mailing a copy of the foregoing documents to the same location. (*See* Docket No. 15).

Under California law, substitute service is permitted only "[i]f a copy of the summons and complaint cannot with ***reasonable diligence*** be personally delivered to the person to be served . . . ." Cal. Code Civ. Proc. § 415.20(b) (emphasis added). "Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Trackman v. Kenney*, 187 Cal. App. 4th 175, 185, 114 Cal. Rptr. 3d 619 (2010) (quoting *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988)).

Plaintiff has offered no explanation as to why his process server delivered the summons to Lee instead of Alatorre or why personal service could not be completed with reasonable diligence. Plaintiff has also failed to establish that Lee is "a person authorized by [Alatorre] to receive service of process" on her behalf. Cal. Code Civ. Proc. § 416.90; *see also Summers v. McClanahan*, 140 Cal. App. 4th 403, 414, 44 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 25-02252-MWF (JPRx) | **Date:** | July 1, 2025 |
| **Title:** | Mario Mendoza v. LDVC Inc, et al. | | |

Rptr. 3d 338 (2006) (finding service improper because plaintiff "offered no evidence to show [defendant] specifically authorized [purported agent] to accept service of process" on her behalf). Therefore, Plaintiff has not shown that service on Alatorre was made in accordance with California law.

Accordingly, the Court has personal jurisdiction over LVDC only.

**B.     Procedural Requirements**

Rule 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). The Local Rules also require the party moving for default judgment to submit a declaration establishing: (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) that notice has been served on the defaulting party, if required by Rule 55(b)(2). *See* Local Rule 55-1.

Having reviewed the filings in this action, the Court determines that all procedural requirements under Rule 55 and Local Rule 55-1 have been met. After Defendants failed to respond to the Complaint, the Clerk entered default against LDVC on April 24, 2025. (Docket No. 17). Moreover, based on a declaration provided by Plaintiff's counsel, neither of the Defendants are infants, incompetent persons, or in the military. (*See* Declaration of Jason J. Kim in Support of Plaintiff's Motion for Default Judgment by Court ("Kim Dec.") (Docket No. 22-2) ¶ 3).

As a matter of discretion, the Court also requires that a plaintiff serve an application for default judgment on the relevant defendant. The Court does not require service under Rule 4 but does require that the service is reasonably likely to provide notice to the defendant. Here, Plaintiff included a proof of service with his Motion certifying that the Motion and supporting declarations were served to Defendants via mail at the same address at which service was made for LDVC and Alatorre. (Docket No. 22-5 at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 25-02252-MWF (JPRx) | Date: July 1, 2025 |
| Title: | Mario Mendoza v. LDVC Inc, et al. | |

Accordingly, Plaintiff has met the procedural requirements for obtaining a default judgment against LDVC.

### C. Substantive Requirements

With respect to the substantive requirements, the Ninth Circuit directs courts to consider seven discretionary factors before rendering a decision on a motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The seven factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *See id.*

#### 1. Possibility of Prejudice

The first factor asks the Court to consider if prejudice to the Plaintiff would occur without the default judgment, *e.g.*, where there is no "recourse for recovery" other than default judgment. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Because Defendants' failure to answer the Complaint constitutes an admission as to the allegations contained in the Complaint, the Court must accept these allegations as true. *See id.* at 500. Plaintiff will be without recourse and will likely suffer prejudice without judgment due to Defendants' actions.

Accordingly, the first *Eitel* factor weighs in favor of default judgment.

#### 2. Merits and Sufficiency

The second and third *Eitel* factors, which turn on the merits of Plaintiff's substantive claims and the legal sufficiency of the operative complaint, merit further analysis. *See Eitel*, 782 F.2d at 1471–72. Courts typically evaluate these factors together, looking to whether the plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-02252-MWF (JPRx) | **Date:** July 1, 2025 |
| **Title:** Mario Mendoza v. LDVC Inc, et al. | |

2002). "[C]ourts often treat these as the [two] most important [*Eitel*] factors." *Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM (PLAx), 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013). Generally, when reviewing a motion for default judgment, a court must accept the factual allegations of the complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

As to the first prong, the ADA defines disability in relevant part as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). Qualifying "major life activities" include, among others, "walking" and "standing." *Id.* § 12102(2)(A). The ADA mandates that the definition of disability "be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by this chapter." *Id.* § 12102(4)(A). Here, Plaintiff has sufficiently alleged that he suffers from a disability which substantially limits major life activities. Taking the allegations in the Complaint as true, Plaintiff suffers from cerebral palsy and requires a wheelchair for transportation while in public. (Complaint ¶ 1). Accordingly, at minimum, his disability substantially limits the major life activity of walking.

As to the second prong, the plaintiff must prove that the defendant "owns, leases, or operates a place of public accommodation." *Arizona ex rel. Goddard*, 603 F.3d at 670. Plaintiff alleges that Defendants are the real property owners, business operators, lessors, or lessees of the subject property. (Complaint ¶ 2).

The Business is plainly "a place of public accommodation." Congress did not define "place of public accommodation" in the ADA, instead providing "an illustrative list of twelve types of private entities that qualify as public accommodations." *Langer v. Kiser*, 57 F.4th 1085, 1100 (9th Cir. 2023) (citing 42 U.S.C. § 12181(7)). Among

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-02252-MWF (JPRx) | **Date:** July 1, 2025 |
| **Title:** Mario Mendoza v. LDVC Inc, et al. | |

those categories is the following list: "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment."  42 U.S.C. § 12181(7)(F).  A candy store may be categorized as a service establishment and is accordingly a place of public accommodation.

As to the third prong, Plaintiff must prove that he "was denied public accommodations by the defendant because of his disability."  *Arizona ex rel. Goddard*, 603 F.3d at 670.  The ADA provides that discrimination by a public accommodation may include "a failure to remove architectural barriers . . . in existing facilities, . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).  "To satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances."  *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020).  Under the burden-shifting framework articulated in *Lopez*, "ADA plaintiffs moving for default judgment" are required "to articulate a 'plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits.'"  *Ho v. Brite Spot LLC*, No. CV 23-01328-SPG (MRWx), 2023 WL 8884365, at *3 (C.D. Cal. Oct. 19, 2023) (quoting *Lopez*, 974 F.3d at 1038).

Here, Plaintiff has failed to make the adequate allegations.  Plaintiff generally states that his requested accommodations are readily achievable.  (Complaint ¶¶ 21–29); (Motion at 9).  Though not specified in the Complaint, the Motion states that the alteration required to bring the parking space into compliance is "installation and correction of the previously mentioned signs [and] some paint work [] to include the 'NO PARKING' markings within the access aisle, and the blue hatched lines for the access aisle at the minimum required width of 96 inches."  (Motion at 9).  But Plaintiff provides no estimation of the costs of the sign installation or paint work.  Furthermore, both the Complaint and Motion "fail to address or otherwise show how the costs of removal do not exceed the benefits under the particular circumstances."  *Bouyer v. Shaina Prop., LLC*, No. CV 20-3930-FMO (PLAx), 2020 WL 7775618, at *2 (C.D. Cal. Nov. 2, 2020) (denying application for default judgment in an ADA case where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 25-02252-MWF (JPRx) | Date: July 1, 2025 |
| Title: | Mario Mendoza v. LDVC Inc, et al. | |

the complaint failed to plead facts plausibly showing that the barriers' removability was readily achievable). Without *any* information on whether the costs of barrier removal exceed the benefits under the circumstances, the Court cannot determine that the alterations are "readily achievable."

Accordingly, having failed to satisfy the third prong, the second and third *Eitel* factors weigh against default judgment.

### 3. Amount in Dispute

Under the fourth factor, the Court "must consider the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *see also Eitel*, 782 F.2d at 1471–72. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. 11-cv-2532, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted).

Here, Plaintiff seeks nothing in damages, and only seeks injunctive relief and attorneys' fees. (*See, e.g.*, Motion at 6). Indeed, injunctive relief and attorneys' fees are the only categories of relief available to plaintiffs in Title III ADA actions. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.") (citing 42 U.S.C. § 12188(a)(1)); *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005) ("***Aside from attorney's fees***, the only remedy available to a private litigant under Title III of the ADA is injunctive relief.") (emphasis added). However, this factor is difficult to assess since Plaintiff has provided no sense of the cost of complying with an injunction.

Accordingly, the fourth factor weighs against default judgment for lack of proof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 25-02252-MWF (JPRx) | Date: July 1, 2025 |
| Title: | Mario Mendoza v. LDVC Inc, et al. | |

### 4. Possibility of Factual Dispute

"The fifth *Eitel* factor examines the likelihood of disputes between parties regarding material facts surrounding the case." *PepsiCo*, 238 F. Supp. 2d at 1177. Upon entry of default by the clerk, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys.*, 826 F.2d at 917–18. Here, although Defendants have shown no intent to participate in the action and default has been entered, the Court cannot find that Plaintiff has provided sufficient support for his claims for the reasons articulated above. As a result, the Court cannot say that there is little to no possibility of factual dispute, because there is no information provided as to the achievability of the requested alteration.

Accordingly, the fifth *Eitel* factor weighs against default judgment.

### 5. Excusable Neglect

Excusable neglect favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. There is no indication of excusable neglect as to Defendant LVDC because it was properly served with the Complaint. (*See* Docket No. 14).

Accordingly, the sixth *Eitel* factor favors default judgment.

### 6. Policy

Under the seventh factor, the Ninth Circuit has stated that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. While it is not dispositive, this factor weighs against entering default judgment. *See PepsiCo*, 238 F. Supp. 2d at 1177 (noting that the policy preference to decide cases on the merits "standing alone, is not dispositive").

Accordingly, the Court finds that default judgment based on this record would be inappropriate. Most important, Plaintiff has failed to state a claim because Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-02252-MWF (JPRx) | **Date:** July 1, 2025 |
| **Title:** Mario Mendoza v. LDVC Inc, et al. | |

has failed to provide the Court with any realistic sense of the cost of complying with an injunction, whether the costs of barrier removal exceed the benefits under the circumstances, and whether the requested alteration is readily achievable. In addition to the *Eitel* factors weighing against default judgment, it would also be illogical and inequitable to grant default judgment and to force compliance based on a Complaint that does not state a claim.

### III. CONCLUSION

The Motion is **DENIED** *without prejudice*. Plaintiff may file a renewed motion for default judgment no later than **August 1, 2025**. Failing to file a renewed motion for default judgment by **August 1, 2025**, or filing a renewed motion that otherwise fails to address the deficiencies identified in this Order, will result in the renewed motion being denied and/or the action against Defendants being dismissed for failure to prosecute and to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

IT IS SO ORDERED.